IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JEREMIAH BEYER, on his own behalf and on behalf of others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) FARIS PROPERTIES, LLC, ) ) Defendant. ) ) | No. 3:18-cv-139 **JURY DEMANDED** **FLSA COLLECTIVE ACTION** |

## COMPLAINT

Comes Plaintiff Jeremiah Beyer ("Plaintiff"), by and through counsel, and on behalf of himself and other current and former similarly-situated[1] non-exempt persons employed by Defendant at any time during the three years prior to the filing of the Complaint ("Other Workers") subjected to the same practices about which Plaintiff complains below, and, for his Complaint against Defendant, Faris Properties, LLC ("Defendant") states as follows:

---

[1] A previous action in this Court, *Tammy Lizotte v. Faris Properties, LLC*, No. 3:17-cv-00195-JRG-CCS ("Lizotte Action") was filed seeking relief on behalf of Ms. Lizotte and similarly-situated employees of Defendant. Plaintiff Jeremiah Beyer provided an Affidavit which was electronically filed with the Court in the Lizotte Action in support of Ms. Lizotte's Motion for Conditional Certification. See Document 30-1 in the Lizotte Action, which is also attached hereto as Exhibit 1. However, Plaintiff never joined Ms. Lizotte's action, and the Court did not rule on Ms. Lizotte's Motion for Conditional Certification (Document 24 in the Lizotte Action) prior to Ms. Lizotte and Defendant settling Ms. Lizotte's FLSA claims (See Order Granting Joint Motion for Approval of FLSA Settlement, Document 36 in the Lizotte Action). A plaintiff in a FLSA case in which conditional certification has not been granted cannot bind other employees. Therefore, while Ms. Lizotte's claims have been settled, Defendant has not settled with Plaintiff and, accordingly, Plaintiff and those similarly-situated to Plaintiff can and should be granted relief through this action.

## JURISDICTION

1.      Jurisdiction in this Court is proper under 28 U.S.C. § 1331 as this is an action arising, in part, pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA").

2.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b).

3.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4.      Venue is proper in this Court because the Plaintiff resides within the District and Defendant maintains business operations within the District.

5.      Venue is also proper in this Court because substantially all of the acts and/or omissions giving rise to Plaintiff's claim occurred within the District.

## PARTIES

6.      At all times material hereto, Plaintiff Jeremiah Beyer was a resident of Roane County, Tennessee.

7.      Further, at all times material hereto, during the time Plaintiff was employed by Defendant, Plaintiff was a FLSA non-exempt employee of Defendant employed by Defendant at one of Defendant's McDonald's franchise restaurant/stores in Roane County, Tennessee.

8.      At all times material hereto Defendant, was, and continues to be, a Tennessee for-profit Limited Liability Company.  Defendant may be served with process on its registered agent, John Faris, at his registered agent address listed with the Tennessee Secretary of State, 1000 Bridgestone Pl., Knoxville, TN 37919.

9. At all times material hereto, Defendant, was, and continues to be, engaged in business in the State of Tennessee, with a principal place of business in Anderson County, Tennessee.

10. Upon information and belief, Defendant operates over thirty (30) McDonald's Franchise restaurants in the Eastern District of Tennessee.

## COVERAGE

11. At all times material hereto, Plaintiff was Defendant's "employee" within the meaning of the FLSA.

12. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

13. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

14. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

15. Specifically, at all times material hereto, upon information and belief, Defendant operated in excess of thirty (30) McDonald's Franchise restaurants in the Eastern District of Tennessee.

16. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

17. At all times material hereto, the annual gross revenue of Defendant was well in excess of $500,000.00 per annum.

18. At all times material hereto, Defendant had two (2) or more employees engaged in operating approximately thirty (30) McDonald's Franchise restaurants in the Eastern District of Tennessee.

19. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

20. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

21. Defendant operates numerous McDonald's Franchise restaurants in the Eastern District of Tennessee.

22. Plaintiff was employed by Defendant as a non-exempt, hourly-paid employee working at Defendant's restaurant located in Rockwood, Roane County, Tennessee, and later at Defendant's restaurant located in Harriman, Roane County, Tennessee.

23. Plaintiff worked for Defendant from March, 2015 until October, 2017.

24. As an employee, Plaintiff was paid wages on an hourly basis (for all hours Defendant credited Plaintiff with working, an issue about which Plaintiff complains in more detail below) in exchange for work he performed for Defendant.

25. Plaintiff alleges on behalf of himself and the other workers who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are entitled to: (i) unpaid minimum wages, (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq., (iii) declaratory relief pursuant to 28 U.S.C. § 2201; and (iv) an award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b).

26. Plaintiff and the other workers were regularly required to work off-the-clock as a result of Defendant's policies, which are, on information and belief, common to all McDonald's Franchise restaurants operated by Defendant. Specifically, Plaintiff was deprived of lawful wages by being required to work off the clock by no less than four illegal practices, including that:

A. Defendant refuses to pay employees for meal breaks although the employee is, for the employer's convenience, prohibited from leaving the premises of the McDonald's store in question and required to remain available to work if needed;

B. Defendant requires employees to report to work at scheduled times, but then at its own discretion and without notice to the employee directs the employee upon arrival at the scheduled start time to wait on Defendant's premises to be allowed to clock in, essentially engaging employees to wait for work but not paying the employees for this time.

C. Defendant requires employees on closing shifts to clock out upon completion of their work but prohibits the employee "for security purposes" from leaving the building until all other employees complete their work, effectively turning employees into unpaid security guards for the still-working employees and Defendant's cash funds and other property located in the building.

D. Defendant engages in employee counseling meetings with employees upon their arrival at the restaurant (and prior to the employee clocking in); and

E. Defendant requires employees to report to regularly scheduled mandatory meetings but does not allow the employees to clock in if the employee is not otherwise scheduled to work on the day of the meeting.

27. Plaintiff was subjected to each of the practices described above.

28. Upon information and belief, numerous other employees of Defendant were subjected to one or more, or all, of the practices described above.

29. Defendant's policies stated above are, on information and belief, common to all McDonald's Franchise restaurants operated by Defendant.

30. Specifically, Defendant was sued by another employee of Defendant's Rockwood, Tennessee restaurant/store in this Court by Tammy Lizotte on or about May 3, 2017. A copy of Ms. Lizotte's Complaint is attached hereto as Exhibit 2. After Lizotte filed her Complaint, Plaintiff continued to be employed until August 2017 at the Rockwood, Tennessee restaurant/store where Tammy Lizotte had been employed. However, despite being sued in this Court, and despite being aware of the Lizotte Complaint and its allegations that the practices described therein and asserted therein are illegal (for instance, Defendant filed an Answer in this Court to the Tammy Lizotte Complaint on June 14, 2017, a copy of which is attached hereto as Exhibit 3), Defendant continued to follow the same illegal practices in its Rockwood restaurant/store that were the subject of both the Lizotte Complaint and this complaint up until the time of Plaintiff's August 2017 transfer from that restaurant/store to Defendant's Harriman, TN restaurant/store.

31. Upon information and belief, the reason Defendant did not change the practices complained of in both the Lizotte Complaint and this complaint at its Rockwood store following the filing of Lizotte Complaint was that Defendant had been aware of those practices throughout the entire three years preceding the filing of this Complaint (further, upon information and belief, one or more other employees had asserted prior to the filing of the Lizotte Complaint that certain of the practices complained of in the Lizotte Complaint, such as the practice of not allowing closing employees to leave the premises after clocking out, violated the FLSA). Indeed, upon information and belief, Defendant itself had ordered that those practices be followed not only in the Rockwood store but in all of its stores in order to increase its profits by failing to pay overtime required by the FLSA.

32. Defendant's actions constitute violations of the Fair Labor Standards Act.

33. Defendant's violations of the Fair Labor Standards Act damaged Plaintiff and other employees similarly situated to Plaintiff.

34. Defendant's violations of the FLSA were intentional and made knowing that such conduct was unlawful.

35. Plaintiff brings this action on behalf of himself and the following proposed classes of similarly-situated employees:

> all current, former, and future employees of Faris Properties, LLC who have held non-exempt positions in the United States at any time from the date three years prior to the filing of this action and continuing, who worked in excess of forty hours per week in one or more workweeks, and who have not been fully compensated for such overtime hours worked in violation of the FLSA.

36. Upon information and belief, the non-exempt hourly employees of Defendant at all of Defendant's McDonald's franchises have been subject to the unlawful practices alleged herein, and therefore, are similarly situated to the named representative in this collective action. The proposed class members work in similar jobs in Defendant's McDonald's franchise restaurants and are subject to the same pay practices by the same employer, Defendant. All proposed class members, like the named plaintiff, were harmed by the unlawful practices described above.

37. The employment policies, practices and agreements of Defendant raise questions of fact common to the class including:

> A. Whether Defendant has prohibited the members of the class from leaving the premises of the McDonald's store in question during meal breaks and required the members of the class to remain available during meal breaks to work if needed and, if so, whether the FLSA requires Defendant to compensate the members of the class for the class member's time during such meal breaks;

B. Whether Defendant requires employees to report to work at scheduled times, but then at its own discretion and without notice to the employee directs the employee upon arrival at the scheduled start time to wait on Defendants' premises to be allowed to clock in, and, if so, whether the FLSA requires Defendant to compensate the members of the class for such time the members are engaged to wait for work.

C. Whether Defendant requires class member employees on closing shifts to clock out upon completion of their work but prohibits the class member employee "for security purposes" from leaving the building until all other employees complete their work, and, if so, whether the FLSA requires Defendant to compensate the members of the class for such time that the class members are required to remain in the building.

D. Whether Defendant engages in employee counseling meetings with class member employees upon their arrival at the restaurant (and prior to the employee clocking in) and, if so, whether the FLSA requires Defendant to compensate the members of the class for such time associated with such meetings.

E. Whether Defendant requires class member employees to attend mandatory meetings without clocking in and, if so, whether the FLSA requires Defendant to compensate the members of the class for such time associated with such meetings

F. Whether the conduct of Defendant was willful;

G. Whether Plaintiff and members of the proposed class are entitled to lost wages, liquidated damages and the other relief requested.

38. The claims of the named Plaintiff are similar to those of the class members, in that Plaintiff has been subject to the same conduct as members of the putative collective action and Plaintiff's claims are based on the same legal theory as members of the collective action.

39. Plaintiff's FLSA claims are maintainable as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiff is filing as Exhibit 4 hereto a Consent to Become Party Plaintiff.

WHEREFORE, Plaintiff prays that the Court:

A. Issue process and bring Defendant before the Court;

B. Empanel a jury for the trial of this case;

C. Grant Plaintiff and those similarly situated to Plaintiff a judgment against Defendant for injunctive relief, compensatory damages, and liquidated damages for Defendant's violations of the law as described in the Complaint above.

D. Award Plaintiff his costs in this cause, including but not limited to his reasonable attorney's fees and other litigation costs.

E. Assess the costs of the Court in this cause against Defendant; and

F. Grant Plaintiff and those similarly situated to Plaintiff such other and further relief to which he or they may be entitled as the Court may otherwise deem appropriate.

Respectfully submitted,

**Jeremiah Beyer, Individually and on Behalf of Similarly-Situated Employees**

By: /s/ James Friauf
James W. Friauf (#027238)
Ariana E. L. Mansolino (#035237)
LAW OFFICE OF JAMES W. FRIAUF, PLLC
9724 Kingston Pike, Suite 104
Knoxville, Tennessee 37922
Tele: (865) 236-0347
Fax: (865) 512-9174
Email: james@friauflaw.com
Our File No.: 18-020-EPL

/s/ Mark N. Foster
Mark N. Foster (# 023626)
LAW OFFICE OF MARK N. FOSTER, PLLC
P.O. Box 869
Madisonville, Kentucky 42431
Tele: (270) 213-1303
Email: MFoster@MarkNFoster.com

*Attorneys for Plaintiff, Jeremiah Beyer, Individually, and on Behalf of Similarly-Situated Employees*