UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEREMIAH BEYER, on his own behalf and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FARIS PROPERTIES, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) )     No. 3:18-CV-139-JRG-DCP |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order of the District Judge [Doc. 35].

Now before the Court is Plaintiff's Motion to Strike Averments and Affirmative Defenses [Doc. 23] and Defendant's Response to Plaintiff's Motion to Strike Averments and Affirmative Defenses, or Alternatively, Motion for Leave to Amend Defendant's Answer to Plaintiff's Complaint. [Doc. 26]. The Motions are ripe for adjudication. Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion [**Doc. 23**] be **DENIED** and that Defendant's Motion be **GRANTED** [**Doc. 26**].

**I.     POSITIONS OF THE PARTIES**

Plaintiff's Motion [Doc. 23], filed pursuant to Federal Rule of Civil Procedure 12(f)(2), asserts that Defendant's affirmative defenses do not meet the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and therefore, should be stricken. Plaintiff states that the Sixth Circuit has not ruled on whether the plausibility standard applies to affirmative defenses, but other courts within this district have determined that the plausibility standard is applicable to affirmative defenses. Plaintiff states that

1

in such cases, courts have struck the affirmative defenses. Specifically, Plaintiff requests that the Court strike Affirmative Defense Paragraphs 1-3 and 5. Plaintiff maintains that Defendant has not pled any facts to support these four defenses. Further, Plaintiff requests that the Court strike from the Answer all Defendant's averments that requires Plaintiff to submit "strict proof" in support of his allegations.

In Response [Doc. 26] to the Motion, Defendant objects to Plaintiff's request to strike the averments, and Defendant requests that it be permitted to file an amended Answer. First, Defendant states that it had previously agreed to amend its Answer to remove the phrase, "demands strict proof thereof." In addition, Defendant states that it requested clarification as to Plaintiff's remaining objections. Defendant states that instead of providing clarification, Plaintiff filed the instant Motion. Defendant asserts that Plaintiff's Motion should be denied because the parties could have resolved such matters without the Court's intervention. Defendant maintains that Plaintiff's objection to the phrase, "demands strict proof thereof" is moot.

With respect to its affirmative defenses, Defendant asserts that it has complied with the pleading requirements of the Sixth Circuit and of this Court. Defendant states that the Sixth Circuit has never held that the plausibility standard applies to affirmative defenses and that the Eastern District of Tennessee has held that affirmative defenses may be pled in general terms and will be sufficient as long as such defenses give a plaintiff fair notice of the nature of the defense. Further, Defendant argues that the Court has viewed motions to strike unfavorably and that Defendant has a good-faith basis for each affirmative defense to which Plaintiff objects. With respect to Affirmative Defense No. 5, however, Defendant states that it was included in error and requests leave to amend its Answer to omit such defense.

2

Plaintiff filed a Reply [Doc. 27], arguing that Defendant failed to amend its Answer to eliminate its demand that Plaintiff produce strict proof of his claims. Plaintiff maintains that the affirmative defenses set forth in Defendant's Answer do not meet the plausibility standard and that Defendant has not pled additional facts to make the affirmative defenses plausible.

## II.     ANALYSIS

The Court has considered the parties' filings, and for the reasons explained below, the Court **RECOMMENDS** Plaintiff's Motion [**Doc. 23**] be **DENIED** and that Defendant's Motion be **GRANTED** [**Doc. 26**].

As an initial matter, Defendant has agreed to amend its Answer to remove the phrase, "demands strict proof thereof," which appears in two of its thirty-nine responses. In addition, Defendant acknowledges that Affirmative Defense No. 5 was included in error, and Defendant has agreed to file an amended Answer to remove this defense. Thus, it appears to the Court that Plaintiff's objections with respect to these matters are moot.

Plaintiff's remaining objections are to the following affirmative defenses:

> Affirmative Defense Paragraph 1: Plaintiff's claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.
>
> Affirmative Defense Paragraph 2: Plaintiff's claims are barred by the applicable statute of limitations.
>
> Affirmative Defense Paragraph 3: Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, and unclean hands.

As mentioned above, Plaintiff states that these affirmative defenses do not meet the plausibility standard set forth in *Twombly* and *Iqbal*. Plaintiff requests, pursuant to Rule 12(f)(2), that the above defenses be stricken. Defendant asserts that the Sixth Circuit has never held that the plausibility standard applies to affirmative defenses and that courts within the Eastern District

3

of Tennessee have held that the plausibility standard does not apply to affirmative defenses.

Rule 12(f)(2) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial impertinent, or scandalous matter" and that the court may act "on motion made by a party . . . within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Motions to strike are viewed with disfavor and are not frequently granted. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). "Striking a pleading is considered 'a drastic remedy to be resorted to only when required for the purposes of justice' and it 'should be sparingly used by the courts.'" *E.E.O.C. v. FPM Grp., Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009) (quoting *Brown & Williamson Tobacco Corp,* 201 F.2d at 822).

As many courts have noted, there is a split amongst the districts courts as to whether the standard set forth in *Twombly* and *Iqbal* are applicable to affirmative defenses. *Compare Ruff v. Credit Adjustment, Inc.*, No. 2:18-CV-351, 2018 WL 4019464, at *2 (S.D. Ohio Aug. 23, 2018) (declining to extend the *Twombly*/*Iqbal* pleading requirements to affirmative defenses), *with Doe by & through Doe v. Bd. of Educ. of Highland Local Sch. Dist.*, No. 2:16-CV-524, 2017 WL 3588727, at *3 (S.D. Ohio Aug. 21, 2017) ("These affirmative defenses contain no facts whatsoever, and therefore do not meet the plausibility standards laid out in *Twombly* and *Iqbal*.").

The Sixth Circuit has not weighed on this issue, but as Defendant emphasizes, the Eastern District of Tennessee has held, "[B]ecause the Supreme Court and the Court of Appeals for the Sixth Circuit have not expressly held that the heightened pleading standard applies to defenses, this Court declines to adopt such a standard." *Sewell v. Allied Interstate, Inc.*, No. 3:10-CV-113, 2011 WL 32209, at *6 (E.D. Tenn. Jan. 5, 2011). Further, Federal Rule of Civil Procedure 8(c)(1) merely provides that in "responding to a pleading a party must affirmatively state any avoidance or affirmative defense." *See Ruff*, 2018 WL 4019464, at *2 ("Declining to apply the

4

*Twombly*/*Iqbal* standard to defenses is consistent with Rule 8."). At this time, "an affirmative defense may be pleaded in general terms and will be held to be sufficient . . . . as long as it gives plaintiff *fair notice of the nature of the offense.*" *Sewell*, 2011 WL 32209, at *7 (quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006)) (other quotations omitted) (emphasis in *Sewell*).

In the present matter, the challenged affirmative defenses give Plaintiff fair notice of the nature of the offense. The Court observes that other courts have reviewed similar affirmative defenses and have held that they were sufficient. *See Ruff*, 2018 WL 4019464, at *3 (finding that defendant's affirmative defense that plaintiff's claims are barred in whole or in part by the applicable statute of limitations, res judicata, and/or collateral estoppel, and the doctrine of unclean hands sufficient to give plaintiff fair notice of the nature of the offenses); *Sprint Sols., Inc. v. Shoukry*, No. 2:14-CV-00127, 2014 WL 5469877, at *4 (S.D. Ohio Oct. 28, 2014) (finding that the standard in *Twombly* and *Iqbal* does not apply to affirmative defenses and declining to strike defendant's affirmative defense that the complaint failed to state a cause of action upon which relief can be granted because Rule 12(h) allows parties to raise this defense in any pleading and courts routinely accept "failure to state a claim" as an affirmative defense). The Court agrees with these courts. Accordingly, the Court recommends Plaintiff's Motion to Strike, as to the remaining affirmative defenses (i.e., Affirmative Defenses 1-3), be denied.

## III. CONCLUSION

Accordingly, for the reasons set forth above, the Court **RECOMMENDS**[1] that Plaintiff's

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v.*

Motion to Strike Averments and Affirmative Defenses [**Doc. 23**] be **DENIED** and that Defendant's Motion for Leave to Amend Defendant's Answer to Plaintiff's Compliant [**Doc. 26**] be **GRANTED**. The Court further **RECOMMENDS** that Defendant amend its Answer to remove the phrase "demands strict proof thereof" and to remove Affirmative Defense No. 5, which is consistent with Defendant's agreement to do so. *See* [Doc. 26-3].

                                                Respectfully submitted,

                                                */s/ Debra C. Poplin*
                                                Debra C. Poplin
                                                United States Magistrate Judge

---

*Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).