UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEREMIAH BEYER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-139 |
| | ) | |
| FARIS PROPERTIES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Plaintiff Jeremiah Beyer filed this case pursuant to the Fair Labor Standards Act ("FLSA"),
29 U.S.C. § 216(b), on March 30, 2018. [Doc. 1]. On July 16, 2019, the parties filed a Joint
Motion for Approval of FLSA Settlement. [Doc.71].

In the context of a lawsuit brought by an employee against his or her employer under §
216(b), the employee may settle and release FLSA claims if the parties present to the court a
proposed settlement agreement and the court approves the settlement. *Lynn's Food Stores Inc. v.
United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Rampersad v. Certified Installation, LLC.*,
No. 1:12-cv-32, 2012 WL 5906878, at *1 (E.D. Tenn. Nov. 26, 2012). This second circumstance
is before the Court, as plaintiff brought claims pursuant to § 216(b) and the parties now propose a
settlement agreement.

The Eleventh Circuit has detailed the circumstances justifying court approval of an FLSA
settlement in the private litigation context, stating:

> Settlements may be permissible in the context of a suit brought by
> employees under the FLSA for back wages because initiation of the
> action by the employees provides some assurance of an adversarial
> context. The employees are likely to be represented by an attorney

who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores Inc.*, 679 F.2d at 1354. With these instructions in mind, the Court turns to the proposed settlement here.

As set forth in the pending motion, the parties have reached a proposed settlement in this case. [*Id.*]. The proposed settlement, [Doc. 71-1], which has been submitted to, and carefully reviewed by, the Court, compensates the plaintiff for all claimed overtime and minimum wages. Both parties contend that the proposed settlement compensates the plaintiff for all unpaid overtime and minimum wages to which he could have been entitled. Both parties assert that the settlement is fair and reasonable and they ask that it be approved.

After reviewing the settlement agreement, The Court finds that it is a fair, adequate, and reasonable resolution of a bona fide FLSA dispute. Further, the attorneys' fees appear reasonable.

For all of these reasons, the parties' Joint Motion for Approval of FLSA Settlement, [Doc. 71], is GRANTED and the parties' settlement agreement attached to the parties' motion is hereby APPROVED, [Doc.71-1].

Plaintiff counsel's requested reasonable attorneys' fees of $11,000.00 is APPROVED. [*Id.*at 3]. Plaintiff's settlement of $3,000.00 is APPROVED. [*Id.*]. The action is DISMISSED with prejudice. The Clerk is DIRECTED to close this case

So ordered.

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

3